IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

| | |
|---|---|
| RANDY KING, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, M. FOSTER, )<br>A. JAMES, SGT. LIGON, ABC, DEF, )<br>GHI, JKL Designating the person, entity )<br>or agency who or which conspired, )<br>with, participated in the deprivation )<br>of Plaintiff's civil rights or was )<br>deliberately indifferent thereto. )<br>)<br>Defendants. ) | 2:12-CV-294-WHA<br><br>(WO) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. #7), filed by the Defendants, the Alabama Department of Corrections ("Department of Corrections"), Sergeant Larry Ligon ("Ligon"), and Mose Foster ("Foster"). The Plaintiff filed a Complaint (Doc. # 1) in this case on March 30, 2012, and an Amended Complaint (Doc. # 2) on April 3, 2012. In the Amended Complaint, the Plaintiff brings claims for conspiracy pursuant to 42 U.S.C. §§ 1983, 1985 (Count Two),[1] excessive force (Count Three), and deliberate indifference (Count Four) against Department of Corrections, Foster, A. James, Ligon, and fictitious Defendants.

The Defendants Department of Corrections, Ligon, and Foster have moved to dismiss the Amended Complaint, and also to notify the court that Defendant A. James is no longer employed

---

[1] The factual allegations of the Amended Complaint are contained within a section labeled "Count One."

with the Department of Corrections and has not been properly served in this case. The Plaintiff filed a Response to the Defendants' Motion to Dismiss (Doc. # 19) on June 15, 2012, and the Defendants filed a Reply to the Plaintiff's Response on June 21, 2012. (Doc. # 20).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Id*. (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

The Plaintiff is incarcerated in the Alabama Department of Corrections' Easterling Correctional Center in Clio, Alabama.  He is currently serving out a ten year sentence stemming from his conviction of robbery in the first degree in the Circuit Court of Calhoun County, Alabama.

On November 29, 2011, Defendants Foster and James, employees of the Department of Corrections, collected King from his cell and handcuffed him behind his back.  The two Defendants then took him to an administrative hearing over which Defendant Ligon was to preside.  During the hearing, Foster struck King, who was still in handcuffs, in the face in front of Ligon and another unidentified officer.  After witnessing Foster strike King, Ligon told Foster to take King out of the hearing.  Once back in King's cell, Foster and James began to beat King until he became unconscious.  While King was in a diminished state because of the physical assault, three other unidentified officers beat King.  King states that he suffered injuries to his face, nose, back, neck, wrist, and arm, suffered hearing loss, and therefore, he brings claims for damages against all Defendants.

### IV.  DISCUSSION

The Defendants have moved to dismiss three different portions of the Plaintiff's Amended Complaint.  First, the Defendants have moved to dismiss all claims against the Department of Corrections as well as against the individual Defendants in their official capacity pursuant to the Eleventh Amendment.  Second, the Defendants have moved the court to dismiss the Plaintiff's conspiracy claim for failure to state a claim.  Lastly, the Defendants have moved

to dismiss all fictitious parties from the Plaintiff's Amended Complaint alleging that there is no ficitious party practice under federal law.  The court will address each contention in turn.

A.

The Defendants have moved to dismiss all claims against the Department of Corrections, and the claims for damages against the individual Defendants in their official capacities.

The Supreme Court has explained that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1990).  "This jurisdictional bar applies regardless of the nature of the relief sought."  *Id.; Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (citing *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979)) (no abrogation of state immunity for § 1983 claims); *Fincher v. State of Florida Dept of Labor and Emp't Security-Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986) (same as to § 1985 actions).  According to the Amended Complaint, the Alabama Department of Corrections is an agency of the state of Alabama.  (Doc. # 2, ¶ 4). As such, this court lacks the jurisdiction to hear the Plaintiff's claims for damages or injunctive relief against the Department of Corrections.

As to the individual Defendants in their official capacity, the Eleventh Amendment also bars federal damage suits against state officials in their "official capacity" because such actions seek recovery from state funds.  *Hobbs v. Roberts,* 999 F.2d 1526, 1528 (11th Cir. 1993).  The Plaintiff argues, and the Defendants agree, that these individuals, in their official capacity, are still subject to prospective injunctive relief.  *See, e.g.*, *Ex parte Young*, 209 U.S. 123, 167 (1908).

However, the Plaintiff is unable to refute the well settled law which bars a suit for monetary damages against individuals employed by a state agency acting in their official capacity.

The Motion to Dismiss is, therefore, due to be GRANTED as to all the claims against the Alabama Department of Corrections, and as to all the claims for monetary damages against each individual Defendant in his official capacity.

B.

The Defendants have also moved to dismiss Count Two of the Amended Complaint, arguing that the Plaintiff has failed to adequately allege a conspiracy claim. The Defendants argue that the Amended Complaint contains only a conclusory allegation of conspiracy and does not articulate the nature and scope of the conspiracy. The Plaintiff counters in his Response Brief by simply reciting the elements of a conspiracy claim, *see Denney v. City of Alabany*, 247 F.3d 1172, 1190 (11th Cir. 2001), and by providing a conclusory statement that all the officers acted in concert with one another.

The Plaintiff's allegations from the Amended Complaint regarding conspiracy are merely that the Defendants "unlawfully deprived and conspired to deprive the plaintiff of his legal rights. . . ." (Doc. # 2). Neither this conclusory allegation nor the conclusory allegations from the Plaintiff's Response Brief is sufficient to state a claim for conspiracy. The Eleventh Circuit has explained that the court's first step in analyzing the allegation of a conspiracy is to "eliminate any allegations in the Plaintiff's complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010). After having done so, there is nothing left in the Amended Complaint to prove a conspiracy on behalf of the Defendants

other than each one's parallel conduct.  Such conduct is insufficient to establish a claim of conspiracy.  *See id.* at 1294-95.

The conspiracy claim is, therefore, due to be dismissed.  The Plaintiff will have an opportunity to re-plead the claim in order to set forth a factual basis for this claim, if he wishes to do so.

C.

Lastly, the Defendants seek dismissal of the fictitious parties in this case stating that the use of such designations is improper in federal court.  In response, the Plaintiff cites cases standing for the proposition that "the use of fictitious names in federal-court pleadings, while not ideal, is both commonplace and sensible." *Mann v. Darden*, 630 F. Supp. 2d 1305, 1312 (M.D. Ala. 2009) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  The *Mann* opinion also states that "plaintiffs can use fictitious names for real defendants when it appears that, for example, discovery will reveal the defendant's actual name." *Mann*, 630 F. Supp. 2d at 1312 (citing *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir.1992)).  The Plaintiff seeks to retain these Defendants for purposes of relation back to the time of filing.  *See id.*  However, the Defendants cite *Richard v. Johnson*, 598 F.3d 734 (11th Cir. 2010), for the proposition that "[a]s a general matter, fictitious-party pleading is not permitted in federal court" subject to a few limited exceptions.  *Id.* at 738.  The present case, one in which an individual has identified real parties and used specific descriptors which could readily lead to identification of the unknown parties after discovery, is one such exception.  *See Dean*, 951 F.2d at 1215-16.

Because the issues have not been raised, the court will not decide at this point in the case whether the Plaintiff will be able to satisfy the relation back rule based on the identification of the Defendants he has provided in the Amended Complaint, or whether his designation is otherwise sufficient.  However, the court declines to dismiss the fictitiously named Defendants merely because they are named as fictitious defendants.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss is GRANTED as to all claims against the Alabama Department of Corrections.

2.  The Motion to Dismiss is GRANTED as to all claims for damages against the individual Defendants in their official capacity, but denied as to claims for prospective injunctive relief.

3.  The Motion to Dismiss is GRANTED as to Count Three, and Count Three is hereby DISMISSED without prejudice.

4.  The Motion to Dismiss is DENIED as to the fictitious parties.

5.  The case will proceed against the remaining parties on Count Two and Count Four.

Done this 2nd day of July, 2012.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE